UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AQUEELAH K. ALI,

    Plaintiff,

    v.

MICHIGAN CITY POLICE
DEPARTMENT, *et al.*,

    Defendants.

Case No. 3:20-CV-765 JD

## OPINION AND ORDER

This case arises from a dispute about the Michigan City Police Department's response to an alleged kidnapping. While some of the factual allegations made in the *pro se* complaint are unclear, the Court does its best when recounting them. Aqueelah K. Ali was the legal guardian of her nephew A.F., who attended Lake Hills School in Michigan City, Indiana. (DE 1 ¶ 1; DE 1-1 at 4). Ms. Ali alleges that on October 30, 2019, her mother (Mary Blakely) and sister (Khalilah Ali-Pinex) kidnapped A.F, forcefully taking him away from Lake Hills School in Ms. Blakely's car. (DE 1 ¶ 1). Ms. Ali and Acting Principal Shelley Deutcher called 911 and informed the Michigan City Police Department ("MCPD") of the kidnapping. (DE 1 ¶ 1). MCPD officers stopped Ms. Blakely's vehicle and found A.F. inside. (DE 1 ¶ 1). Ms. Ali alleges that after the stop the MCPD did not arrest Ms. Blakely or Ms. Ali-Pinex, failed to adequately investigate the kidnapping, and did not return A.F. to her care. (DE 1 ¶ 4). Based on these allegations, Ms. Ali, a *pro se* plaintiff, filed a complaint seeking the return of A.F., money to compensate her for mental, emotional, and other suffering, and the filing of formal charges against Ms. Blakely and Ms. Ali-Pinex for kidnapping. (DE 1 ¶ 3).

Ms. Ali named nine defendants in her complaint. (DE 1). On January 14, 2021, six defendants (Matthew Babcock, Mark Galetti, Jim Glasgow, Nicholas Krause, Anna Painter, and the MCPD) filed a motion to dismiss. (DE 11). Ms. Ali then filed a response to the motion to dismiss on March 19, 2021. (DE 14). On April 2, 2021, Defendant James Schooley also filed a motion to dismiss. (DE 18). Ms. Ali never responded to Mr. Schooley's motion to dismiss and the time to do so has passed. Defendants Babcock, Galetti, Glasgow, Krause, Painter, and Schooley are all officers for the MCPD. (DE 1). The Court now considers both motions.

For the reasons stated below, both motions to dismiss are **GRANTED**.

## I. STANDARD OF REVIEW

Defendants move to dismiss the claims against them under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on these motions, the Court is cognizant that a "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of claims over which the Court lacks subject-matter jurisdiction. Lack of standing is an appropriate ground for dismissal under Rule 12(b)(1). *Retired Chicago Police Assoc. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). In analyzing a motion to dismiss under Rule 12(b)(1), the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). However, the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). The Court may look beyond the pleadings and consider any evidence submitted to determine whether jurisdiction exists. *Long*, 182 F.3d at 554. "[T]he

2

question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## II. DISCUSSION

### A.  Article III Standing

Defendants first argue that the Court lacks subject matter jurisdiction to hear Ms. Ali's claims. (DE 12 at 4). The Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2. "Standing is 'the irreducible constitutional minimum' that determines which cases and controversies 'are of the justiciable sort referred to in Article

III.'" *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Three elements must be present for a plaintiff to have standing: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized, and that is actual or imminent; (2) the injury must be causally connected to the challenged conduct of the defendant; and (3) the injury must be likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016); *Lujan*, 504 U.S. at 560–61. The party invoking federal jurisdiction—here, Ms. Ali—bears the burden of establishing these elements. *Spokeo*, 136 S. Ct. at 1547.

Defendants assert that Ms. Ali lacks standing because she is a private citizen whose claim is "that someone should have been arrested or prosecuted" for kidnapping A.F. (DE 12 at 4). The Court agrees. Supreme Court decisions consistently hold that a "citizen lacks standing to contest the policies of the prosecuting authority when [she herself] is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 616 (1973). Because of the "special status of criminal prosecutions in our system," the connection between an individual's injury and the enforcement of a State's criminal laws is too attenuated to sufficiently demonstrate a causal connection. *Id.* Meaning that private citizens have no "judicially cognizable interest in the prosecution or nonprosecution of another." *Id.*

While Ms. Ali may disagree with the decision of the police not to arrest Ms. Blakely and Ms. Ali-Pinex for allegedly kidnapping her nephew, she has no standing to challenge this decision. The non-arrest and non-prosecution of Ms. Blakely and Ms. Ali-Pinex does not have a sufficiently strong causal connection with Ms. Ali's alleged injuries to her interest as legal guardian of A.F. *McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (finding that the plaintiff suffered no legal injury as a result of the decision

4

of the prosecutor not to bring criminal charges, even though they could have "brought a wrongful death suit against" the people they believed responsible for a death). Therefore, Ms. Ali lacks standing to assert any claim for damages for the non-arrest and non-prosecution. Additionally, Ms. Ali lacks standing to request that the Court order the State to prosecute or arrest Ms. Blakely and Ms. Ali-Pinex.

**B.      Failure to State a Claim Upon Which Relief Can be Granted**

Even if Ms. Ali had standing, her case would nevertheless be dismissed for failure to state a claim for which relief can be granted because her complaint contains no plausible allegation that she was deprived of a constitutional right. While her complaint is somewhat unclear about which constitutional right she believes was violated, Ms. Ali claims that her "civil right[s]" were violated when the police failed to arrest Ms. Blakely and Ms. Ali-Pinex, investigate the kidnapping, and return A.F. to her care. (DE 1 ¶ 4).

While the Constitution safeguards many basic liberties, it does not impose an affirmative obligation on states "to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Services*, 489 U.S. 189, 195 (1985). The Due Process Clause limits a State's power to act but does not guarantee certain levels of safety or security from third parties. *Id* ("[The Due Process Clause's] language cannot fairly be extended to impose an affirmative obligation on the State to ensure that [an individual's life, liberty, or property] interests do not come to harm through other means."). Since a State cannot be held responsible for failing to provide a certain level of security, it follows that state officials also cannot be civilly liable "for injuries that could have been averted" if the State had provided police protection. *Id.* at 196–97.

5

In their motion to dismiss, Defendants cite a series of cases brought by plaintiffs in a similar position to Ms. Ali. *See Hernandez v. City of Goshen*, 324 F.3d 535, 537–39 (7th Cir. 2003) (affirming dismissal of a claim where police had been notified that a man threatened his coworkers but failed to take action before the man returned to the workplace and shot the plaintiff's decedent); *see also Windle v. City of Marion*, 321 F.3d 658 (7th Cir. 2003) (affirming summary judgment where the police department was aware of ongoing abuse of a student by a teacher but failed to protect the minor being abused). Each of these cases present a situation where the police's failure to act arguably allowed for a private party to harm the plaintiff. Ms. Ali's case is similar: while she may have wanted the police to take some affirmative action in the form of an arrest, an investigation, or returning A.F. to her care, and while the police's failure to do so may have even allowed her rights as legal guardian to be violated by other private parties, she had no constitutional right to demand any such action by the police. Because the complaint contains no plausible allegation that Ms. Ali was deprived of a constitutional right, no relief can be granted, and Ms. Ali's claims must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss (DE 11; DE 18). Accordingly, the claims brought against Officers Babcock, Galetti, Glasgow, Krause, Painter, Schooley, and the Michigan City Police Department are **DISMISSED**. The claims brought against the Gary Police Department and John Street, who have not entered an appearance, remain.

SO ORDERED.

ENTERED:  August 20, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court