UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AQUEELAH K. ALI,

     Plaintiff,

     v.                                                    Case No. 3:20-CV-765 JD

GARY POLICE DEPARTMENT, et al.,

     Defendants.

## **OPINION AND ORDER**

This case arises from the Michigan City Police Department's response to an alleged kidnapping. While some of the factual allegations made in the pro se complaint are unclear, the Court does its best when recounting them. Aqueelah K. Ali was the legal guardian of her nephew A.F., who attended Lake Hills School in Michigan City, Indiana. (DE 1 ¶ 1; DE 1-1 at 4.) Ms. Ali alleges that on October 30, 2019, her mother (Mary Blakely) and sister (Khalilah Ali-Pinex) kidnapped A.F, forcefully taking A.F. away from Lake Hills School in Ms. Blakely's car. (DE 1 ¶ 1.) Ms. Ali and Acting Principal Shelley Deutcher called 911 and informed the Michigan City Police Department ("MCPD") of the kidnapping. (DE 1 ¶ 1.) MCPD officers stopped Ms. Blakely's vehicle and found A.F. inside. (DE 1 ¶ 1.) Ms. Ali alleges that after the stop the MCPD did not arrest Ms. Blakely or Ms. Ali-Pinex, failed to adequately investigate the kidnapping, and did not return A.F. to her care. (DE 1 ¶ 4.) Ms. Ali further alleges that her brother, John Street, a Gary Police Officer, then lied to the MCPD by stating that he had given the mother and sister permission to take A.F. out of school. (*Id.* ¶ 2.)

Based on these allegations, Ms. Ali, a pro se plaintiff, filed a complaint seeking the return of A.F., money to compensate her for mental, emotional, and other suffering, and the filing of

formal charges against Ms. Blakely and Ms. Ali-Pinex for kidnapping. (DE 1 ¶ 3.) Ms. Ali

named nine defendants in her complaint. (DE 1.) On January 14, 2021, five officers of the

MCPD and the MCPD filed a motion to dismiss. (DE 11.) The Court then granted this motion to

dismiss. (DE 21.) However, John Street and the Gary Police Department remained as defendants.

On December 7, 2021, the Gary Police Department and Mr. Street filed a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (DE 23.) Ms. Ali failed to file a

response within 21 days. *See* N.D. Ind. L.R. 7-1(d)(2)(A). Accordingly, the motion is ripe for

review.

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a complaint when a

plaintiff provides insufficient service of process on a defendant. Fed. R. Civ. P. 12(b)(5); *Pike v.*

*Decatur Mem'l Hosp.*, No. 1:04-CV-391, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005).

When a defendant challenges the sufficiency of service, the plaintiff bears the burden of

demonstrating that proper service occurred. *See Cardenas v. City of Chicago*, 646 F.3d 1001,

1005 (7th Cir. 2011) ("The plaintiff bears the burden to demonstrate that the district court has

jurisdiction over each defendant through effective service."). A plaintiff's failure to respond to a

Rule 12(b)(5) motion may, in certain circumstances, forfeit any opposition she may have

otherwise asserted. *Khader v. Samsung Elecs. Am., Inc.*, No. 21 C 4632, 2022 WL 2355922, at

*1 (N.D. Ill. June 30, 2022) ([Pro se plaintiff's] "fail[ure] to respond to [Defendant's] Rule

12(b)(5) motion . . . forfeit[ed] whatever opposition he might have asserted"); *see also Firestone*

*Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an

argument or issue not raised in response to a motion to dismiss."); *Mathis v. N.Y. Life Ins. Co.*,

133 F.3d 546, 548 (7th Cir. 1998) ("[E]ven pro se litigants . . . must expect to file a legal

argument and some supporting authority.") (second alteration in original). However, given

Plaintiff's pro se status and filings in the record indicating proper service by certified mail, the Court will address the merits of Defendants' motion. *See Gharb v. Rockwell Automation*, No. 11-CV-405, 2011 WL 5373989, at *1 (N.D. Ill. Nov. 4, 2011) ("Although the Court agrees that Plaintiff has failed to respond to any of Defendants' arguments in his response, because Plaintiff is pro se, the Court will address Defendants' motions to dismiss on the merits.").

Federal Rule of Civil Procedure 4(e)(1) allows for a Plaintiff to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" This case was brought in this Court, which is in the state of Indiana. (DE 1.) Therefore, Indiana state law for service applies. Indiana Trial Procedure Rule 4.1(A)(1) provides in pertinent part[1]:

> Service may be made upon an individual, or an individual acting in a representative capacity, by: (1) Sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgement of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter . . . .

Here, the Defendants argue that the "summons for Officer Street was not left with him personally, at his home or with [h]is agent as contemplated by Rule 4.1." (DE 23 at 4–5.) But Trial Rule 4.1(A)(1) does not require that the summons be left with him personally at his home or with his agent. Rather, it expressly encompasses the situation where the summons and complaint are sent through certified mail to an individual's place of employment. This is true even if an unidentified party, other than the intended individual, ultimately signs the return receipt. *Marshall v. Erie Ins. Exch.*, 923 N.E.2d 18, 23 (Ind. Ct. App. 2010) ("Under Indiana law,

---

[1] Indiana Trial Procedure Rule 4.6 specifies that "when . . . a governmental representative is named as a party in his individual name or in such name along with his official title," then service must be "upon such representative . . . in the manner provided by these rules for service upon individuals. . . ." An officer or employee of a governmental organization is a governmental representative. Indiana Trial Procedure Rule 83(4). Accordingly, as an officer, service upon Mr. Street must comply with Trial Procedure Rule 4.1 which governs service upon an individual.

service by mail is effective even if someone other than the intended recipient ultimately signs the return receipt."). The record already includes a copy of a receipt showing that summons was sent to the Gary Police Department through certified mail. (DE 9 at 6.) The Defendants also admit that the summons for Mr. Street was "left with someone working at the police station." (DE 23 at 4.) Under Indiana Trial Procedure Rule 4.1, this receipt, showing that a summons was sent through certified mail to Mr. Street's place of employment, is sufficient service of process, regardless of who signed for it. Therefore, as to Mr. Street, the motion to dismiss is denied.

The Court also believes that denying this motion as to Mr. Street is justified on a separate ground. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *See Schaefer v. Universal Scaffolding & Equip.*, *LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Most of the Defendants' argument consists of quoting Federal Rule of Civil Procedure 4(e) and Indiana Trial Procedure Rule 4.1 and 4.6, without any analysis of how those rules apply in this context. When counsel does include a legal argument, it is one paragraph in length, cites no case law, and does not address why sending service through certified mail to Mr. Street's place of employment is insufficient under Rule 4.1. (DE 23 at 4–5.) Accordingly, denying the motion as to Mr. Street is also justified on this independent ground.

However, as to the Gary Police Department, the Court grants Defendants' motion. Under Federal Rule of Civil Procedure 4(j), a state, state-created governmental organization, or municipal corporation must be served by either (a) "delivering a copy of the summons and of the complaint to its chief executive officer" or (b) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Indiana Trial Procedure Rule 4.6(A)(4) specifies that "[i]n the case of a local governmental organization, [service upon an organization may be made] upon the executive thereof and upon the attorney

for the local governmental organization." Addressing summons to an organization, but failing to specifically address a summons to an "executive officer," constitutes insufficient service of process. *NNDYM IN, Inc. v. UV Imports, Inc.*, No. 3:09-CV-129-RLY-WGH, 2011 WL 1225573, at *3 (S.D. Ind. Mar. 30, 2011) (holding that service was defective under Indiana law where "Plaintiff did not address the summons to an "executive officer" [but instead] merely addressed the summons to the corporation"); *Zumbrun v. Nat'l Asset & Risk Mgmt., LLC*, No. 1:12-CV-446, 2013 WL 1287331, at *2 (N.D. Ind. Mar. 28, 2013) (holding that because the Plaintiff "did not address the summons to an 'executive officer' or an agent appointed to accept such service" it was likely defective under Indiana Trial Rule 4.6(A)). Here, Ms. Ali issued summons to the "Gary Police Department," but there is nothing in the record indicating that summons was issued to the executive officer of the Gary Police Department or the attorney for the Gary Police Department. (DE 9 at 11–12.) Therefore, the Defendants' motion to dismiss is granted as to the claim against the Gary Police Department.

Accordingly, the motion is granted in part and denied in part. (DE 23.) As to the Gary Police Department, the Court GRANTS the motion. The Gary Police Department is dismissed from the action without prejudice. However, the Court DENIES the motion to dismiss as to Mr. Street. Mr. Street remains as a party.

SO ORDERED.

ENTERED: July 28, 2022

_____/s/ JON E. DEGUILIO_____
Chief Judge
United States District Court